UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AOP ORPHAN PHARMACEUTICALS            )
AG,                                   )
     Plaintiff,                       )
                                      )
        v.                          )        C.A. No. 20-12066-MLW
                                      )
PHARMAESSENTIA CORPORATION,           )
     Defendant.                       )

MEMORANDUM AND ORDER

WOLF, D.J.                                             January 28, 2022

    I.   INTRODUCTION

    Plaintiff AOP Orphan Pharmaceuticals AG ("AOP"), an Austrian corporation, seeks to enforce an arbitration award against defendant PharmaEssentia Corporation ("PEC"), a Taiwanese corporation. The parties had repeated disputes relating to discovery the court had ordered to determine whether it had jurisdiction over PEC. This culminated in the court finding that PEC had not obeyed its August 12, 2021 Order directing PEC to produce certain discovery and PEC stipulating to jurisdiction. The parties now dispute whether sanctions should be ordered because of PEC's failure to obey the August 12, 2021 Order.

    For the reasons explained below, the court finds that PEC's stipulation to jurisdiction and payment of AOP's attorneys' fees relating to the motion for sanctions as previously ordered is

sufficient to address PEC's failure to obey the August 12, 2021 Order. Therefore, AOP's request for sanctions is being denied.

## II.  BACKGROUND

AOP is a pharmaceutical company incorporated and having its principal place of business in Austria. See Petition (Dkt. No. 1) ¶12. As indicated earlier, in this case it is seeking to enforce an arbitration award against PEC, which is incorporated under the laws of Taiwan. Id. ¶13.

In 2009, AOP and PEC entered a License Agreement and a related Manufacture Agreement to develop, license, and market a product ("the Product") to treat a rare blood cancer. See License Agreement (Dkt. No. 53-1, under seal) (Manufacture Agreement incorporated as Annex 5). Under the License Agreement, PEC was to manufacture the Product, which AOP would clinically develop and sell in parts of Europe, the Middle East, and North Africa. See id. at 35, 54-55.

On March 31, 2018, AOP requested arbitration before the International Chamber of Commerce concerning its agreements with PEC. See Arbitration Award (Dkt. No. 56-2) ¶311. AOP alleged four breaches of contract occurring from December 2011 through July 2019, which were based on delays in performance by PEC. See id. ¶¶507-706. The dispute was arbitrated before a tribunal under the Rules of Arbitration of the International Chamber of Commerce. The tribunal found for AOP and awarded it EUR 142,221,201 plus interest. See id. at 190.

III. PROCEDURAL HISTORY

AOP filed this case on November 18, 2020, requesting: (1) confirmation and enforcement of the arbitration award; (2) judgment in the amount of the arbitration award plus interest, fees, and expenses; (3) an order enforcing the judgment by way of reach and apply against PEC's United States patents; (4) an order that PEC "specifically perform its undertaking to carry out the Award without delay"; and (5) an ex parte temporary restraining order and preliminary injunction prohibiting PEC from transferring its United States patents. See Petition (Dkt. No. 1) at 17-18. There have since been multiple motions to dismiss and significant discovery disputes, particularly concerning discovery relevant to whether this court had jurisdiction over PEC. The following is the history with regard to AOP's instant motion for sanctions.

In its August 12, 2021 Order, the court allowed in part and denied in part AOP's motion to compel production of documents relating to the issue of jurisdiction, and ordered PEC to produce responsive documents to 21 requests for production ("RFPs"). See Dkt. No. 81 ¶2. They included RFP 23, which requested "All communications concerning AOP (or the License Agreement, the Manufacture Agreement, the Second Amendment, the Service Agreement, the PEN Transfer Agreement, or the Data Analyses Agreement) sent by or to, or copied or blind copied to, Samuel Lin, since January 1, 2014." See Dkt. No. 74-1.

3

The court also allowed in part and denied in part PEC's motion for a protective order in connection with the limited jurisdictional discovery the court ordered. See Aug. 12, 2021 Order (Dkt. No. 81) ¶3. More specifically, the court allowed discovery limited to the issue of general jurisdiction, meaning where PEC has its principal place of business, and authorized discovery from PEC's subsidiary PEC USA to the extent such discovery was relevant to the issue of general jurisdiction. See id. PEC filed a renewed motion to dismiss for lack of personal jurisdiction on October 21, 2021. See Dkt. No. 92.

On October 4, 2021, AOP filed the instant motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and (C), alleging that PEC had not obeyed the August 12, 2021 Order. See Dkt. No. 88. In particular, AOP alleged that PEC had failed to produce documents responsive to RFP 23 dated after March 2018. See AOP Mem. in Supp. of Mot. for Sanctions (Dkt. No. 89) at 5-6. It also noted that PEC had not asserted in a timely manner possible privileges it suggested it would assert or produced a privilege log. Id. at 10. AOP argued that any claims to privilege had, therefore, been waived. Id.

On October 18, 2021, PEC filed an opposition to the motion for sanctions. See Dkt. No. 91. PEC argued that documents responsive to RFP 23 from after January 1, 2018, when Samuel Lin transferred to PEC's subsidiary PEC USA, were not relevant and

4

that it had not waived any objections based on privilege. Id. at 4-5, 9.

The court held a hearing on the motion for sanctions on November 1, 2021. See Dkt. No. 100. The court found that it had at the August 11, 2021 hearing previously rejected PEC's argument that all discovery from PEC USA was irrelevant. See Nov. 2, 2021 Order (Dkt. No. 102); Tr. of Nov. 1, 2021 Hr'g at 54:22-55:14, 59:13-60:23. Therefore, the court found that PEC had failed to obey the August 12, 2021 Order and allowed the motion for sanctions. See Nov. 2, 2021 Order (Dkt. No. 102). The court stated that it would award AOP its attorney's fees and expenses related to Petitioner's Motion Pursuant to Fed. R. Civ. P. 37(b)(2)(A) and (C) for Sanctions for Not Obeying a Discovery Order (Dkt. No. 88). Id. ¶2. Accordingly, it ordered that: (1) AOP provide PEC its calculation of fees and expenses; (2) the parties confer and report whether they agreed on an amount to be awarded; (3) PEC report whether it waived its claim that this court lacked personal jurisdiction concerning it; and (4) the parties file memoranda addressing whether the court should impose sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Id. ¶¶2-4. The Order identified possible sanctions related to the issue of personal jurisdiction that might be imposed. See id. ¶4. The court also denied PEC's renewed motion to dismiss for lack of personal jurisdiction without prejudice. Id. ¶5.

5

On November 9, 2021, the parties filed a joint status report and stipulation. See Dkt. No. 106. They reported that PEC agreed to submit to the jurisdiction of the court and requested an extension of time for the parties to try to agree to the amount of attorneys' fees and expenses to be paid by PEC to AOP. Id. On November 11, 2021, PEC reported that the parties had reached an agreement on that issue. See Dkt. No. 107.

On November 16, 2021, AOP filed a supplemental memorandum in support of its motion for sanctions. See Dkt. No. 109. AOP reported that the parties had agreed to the payment of attorneys' fees and expenses in the amount of $30,847.17, and requested an order directing payment. Id. at 1. AOP also sought an order confirming PEC's stipulation to personal jurisdiction. Id. at 2.

In addition, AOP argued that a default judgment should enter to sanction PEC's failure to obey the August 12, 2021 Order. Id. at 6. In support of its argument, AOP reported that PEC had still not produced all documents responsive to RFP 23, which as indicated earlier requested all communications concerning AOP by and to Samuel Lin. Id. at 2, 7. AOP also argued that, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), an answer to its Petition was due on November 16, 2021, and had not been filed. Id. at 3. In the alternative, AOP requested that the court impose a retroactive sanction against PEC of at least $1,000 for every day that PEC continued to violate the August 12, 2021 Order. Id. at 7 n.3.

6

On November 16, 2021, PEC filed a motion for an extension of time to November 30, 2021 to submit its memorandum addressing whether the court should impose sanctions, as required by the November 2, 2021 Order, and its response to the Petition because of the hospitalization of PEC's counsel Matthew Allison. See Dkt. No. 110. On November 17, 2021, AOP filed an opposition (Dkt. No. 111) to PEC's motion, arguing that PEC had ample time to meet the deadlines for filings and that Michael Morkin was co-lead counsel for PEC. See Floyd Decl. (Dkt. No. 111-1) ¶16. On November 18, 2021, PEC filed a reply and declarations, providing more information about Mr. Allison's condition and denying that Mr. Morkin had served as co-lead counsel. See Dkt. Nos. 112-114.

On November 19, 2021, the court issued an Order: (1) denying PEC's motion to dismiss for lack of personal jurisdiction with prejudice; (2) directing PEC to pay AOP the agreed upon attorneys' fees and expenses; (3) allowing PEC's motion to extend deadlines; (4) reserving judgment on the issue of whether documents withheld in response to RFP 23 are now discoverable; and (5) stating that the court would conduct a scheduling conference and, if necessary, a hearing on contested issues after PEC filed its response to the Petition. See Dkt. No. 115.

On November 30, 2021, PEC filed its response to AOP's supplementary memorandum in support of sanctions (Dkt. No. 116) and its Answer to the Petition (Dkt. No. 117). Regarding sanctions,

PEC argues that AOP's supplemental memorandum is largely moot in light of its stipulation to personal jurisdiction and the November 19, 2021 Order, which reserved the issue of whether the withheld documents are now discoverable. See Dkt. No. 116 at 2. It asserts that default judgment is a severe sanction that is inappropriate in this case. Id. at 3-8. It also reports that it paid the required attorneys' fees to AOP on November 19, 2021. Id. at 2.

On January 25, 2022, AOP filed a motion seeking: (1) recognition and enforcement of the arbitral award; (2) entry of final judgment; and (3) restoration of its motion made pursuant to Federal Rule of Civil Procedure 64 for an equitable attachment of PEC's United States patents (Dkt. No. 19). See Dkt. No. 118. PEC has not yet responded to this motion.

On January 17, 2022, AOP initiated a second case in the District of Massachusetts related to its dispute with PEC, MBD No. 22-91022-MLW, by filing an Application for an Order to Take Discovery in Aid of a Foreign Criminal Investigation Pursuant to 28 U.S.C. §1782. See Dkt. No. 1. The application seeks an order from this court authorizing discovery from PEC USA concerning an ongoing criminal investigation in Germany. PEC has not yet responded to this request.

IV.  DISCUSSION

District courts have broad authority to issue sanctions in response to a party's failure to obey court orders. Robson v.

8

Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996); Fed. R. Civ. P. 16(f), 37(b)(2)(A). Under Federal Rule of Civil Procedure 37(b)(2), sanctions must be both "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982). Sanctions are proper both to punish an offender and to deter others from the offending conduct. Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).

There are no mechanical rules in determining whether sanctions should be imposed and, if so, which are appropriate. See Robson, 81 F.3d at 2. Instead, courts look to the totality of the circumstances, focusing on factors including, but not limited to, "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Id. See also Vallejo v. Santini-Padilla, 607 F.3d 1, 8 (1st Cir. 2010). The First Circuit has stated that "a party's disregard of a court order is a paradigmatic example of extreme misconduct." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). Violations of court orders are more severe if counsel has flouted the court's prior warning(s) and less severe if there was no prior warning. Robson, 81 F.3d at 3. Counsel are often given an

9

opportunity to explain the violation or seek a lesser penalty, and the court may consider such an explanation in determining which, if any, sanctions are appropriate. Id.

Because "federal law favors the disposition of cases on the merits," default judgment is generally disfavored and is considered a "drastic" sanction to be used only in "extreme" situations. Stewart v. Astrue, 552 F.3d 26, 28 (1st Cir. 2009) (quoting Affanato v. Merrill Bros., 547 F.2d 138, 140 (1st Cir. 1977)); Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 37-38 (1st Cir. 2012). Cf. Torres-Vargas, 431 F.3d at 393 (describing sanctions of dismissal as "measures of last resort"). Such severe sanctions are typically warranted only if there are multiple instances of misconduct. See Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 85 (1st Cir. 2012); Hooper-Haas, 690 F.3d at 38 (noting default may be appropriate for "a persistently noncompliant litigant"). However, a court may impose a sanction of default without exhausting lesser sanctions if the relevant court orders are clear and the party has been properly warned of the risk of default. Cf. Torres-Vargas, 431 F.3d at 393 (describing sanctions of dismissal); HMG Prop. Invs., Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988) (same). See also S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010) ("[D]istrict courts are not required to exhaust

possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record.").

The court finds that default judgment is not an appropriate sanction for PEC's failure to obey the August 12, 2021 Order. A default judgment would not be "specifically related" to the discovery order PEC failed to obey, as is required. Ins. Corp. of Ireland, 456 U.S. at 707. The violation primarily involved a single RFP relating to the issue of whether this court had personal jurisdiction over PEC. PEC has agreed to the most severe sanction specifically related to the violation that the court might have imposed by stipulating to the court's jurisdiction. See id. at 704-05 (a failure to obey procedural rules or court orders may be deemed a waiver of the right to contest personal jurisdiction). This matter involves the first time the court has found a violation of one of its orders by PEC and PEC had not been warned that a failure to obey an order could result in a default judgment. See Robson, 81 F.3d at 3. Because federal law favors disposition of cases on the merits, entering a default judgment in these circumstances is not appropriate.

In addition, AOP's suggested alternative sanction of daily monetary fines until PEC discloses all communications responsive to RFP 23 is not justified. The discovery from PEC USA that the court authorized was limited to documents and information relevant to whether this court had general jurisdiction concerning PEC. PEC

11

has now stipulated to this court's jurisdiction. The court stated in the November 19, 2021 Order that:

> As the issue of personal jurisdiction over PEC has been resolved by agreement, the court is not now ruling on AOP's renewed request to require production of the documents responsive to AOP's Request for Production 23, which were deemed by the court to be relevant to the issue of whether general jurisdiction over PEC existed. Whether the requested information is discoverable will be decided based on an assessment of its relevance after PEC responds to the Petition.

Dkt. No. 115 ¶5. Therefore, PEC is not now in violation of any order concerning discovery relating to Samuel Lin.

Moreover, the court finds that PEC's stipulation concerning jurisdiction and payment to AOP of more than $30,000 in attorneys' fees and expenses relating to AOP's motion for sanctions is a sufficient remedy for PEC's violation of the August 12, 2021 Order. Nothing more is necessary or appropriate. Therefore, the court is not sanctioning PEC pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).

V.   ORDER

In view of the foregoing, it is hereby ORDERED that:

1.   Petitioner's Motion Pursuant to Fed. R. Civ. P. 37(b)(2)(A) and (C) for Sanctions for Not Obeying a Discovery Order (Dkt. No. 88) is DENIED to the extent that it requests sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).

2.   PEC shall, by February 9, 2022, respond to (1) Petitioner's Motion: (i) For Recognition and Enforcement of the

12

Arbitral Award, (ii) For Entry of Final Judgment Thereon, and (iii) Seeking to Restore Its Motion Made Pursuant to FRCP 64 (Dkt. No. 118); and (2) Application by Petitioner AOP Orphan Pharmaceuticals GmbH for an Order to Take Discovery in Aid of a Foreign Criminal Investigation Pursuant to 28 U.S.C. §1782 (MBD No. 22-91022-MLW, Dkt. No. 1). Any replies shall be filed by February 14, 2022.

3.    The parties shall, by February 14, 2022, file, jointly if possible but separately if necessary, an expeditious schedule for the events in paragraphs 3 to 13 of the Scheduling Order attached hereto as Exhibit 1 if the court does not grant AOP's request for immediate entry of an order enforcing the arbitral award in its favor.

4.    After receiving the parties' submissions the court will, if necessary, schedule a hearing on the pending motions and a scheduling conference.

UNITED STATES DISTRICT JUDGE